1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ABDALLA FAIZ JOSEPH, et al.,              Case No.  20-cv-02955-JD

8                    Plaintiffs,

9            v.                                **ORDER RE MOTION TO DISMISS
                                               AND EQUITABLE TOLLING**
10   UNITED STATES OF AMERICA,
                                               Re: Dkt. Nos. 7, 18
11                  Defendant.

12

13          A retail food store that "feels aggrieved" by a final agency determination disqualifying it

14   from participation in the Supplemental Nutrition Assistance Program (SNAP) "may obtain judicial

15   review thereof by filing a complaint against the United States . . . within thirty days after the date

16   of delivery or service of the final notice of determination."  7 U.S.C. § 2023(a)(13).  Plaintiffs'

17   motion for equitable tolling, Dkt. No. 7, and the United States' motion to dismiss under Federal

18   Rule of Civil Procedure 12(b)(1), Dkt. No. 18, raise the same question of statutory interpretation:

19   may missing the 30-day deadline be excused, and if so, should it be in this case?

20          The Court heard oral argument on the motion to dismiss.  Dkt. No. 31.  The motion for

21   equitable tolling was deemed suitable for decision without a hearing.  Civil L.R. 7-1(b).  Because

22   the law, facts, and arguments for these motions overlap substantially, this Order disposes of both.

23          The salient facts are undisputed.  As alleged in the complaint, plaintiff Save More Food

24   Market (which plaintiffs call Sav More) is a San Francisco store owned by plaintiff Joseph.  Dkt.

25   No. 1 ¶ 1.  The United States Department of Agriculture, the agency in charge of administering the

26   SNAP program, permanently disqualified plaintiffs from participating in SNAP in September

27   2019.  Dkt. No. 1 ¶ 6.  The USDA concluded, on the basis of a "data analysis" of SNAP

28   transactions at Sav More, that plaintiffs had engaged in the "trafficking" of SNAP benefits.  *Id*. ¶¶

United States District Court
Northern District of California

30-32.  Trafficking is defined in pertinent part as "buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits" for cash or consideration other than eligible food purchases.  7 C.F.R. § 271.2.

Plaintiffs, who had no prior history of problems with SNAP, unsuccessfully contested the trafficking charge and filed a timely administrative appeal.  Dkt. No. ¶¶ 4-8.  The USDA denied the appeal and entered a Final Agency Decision (FAD) upholding the disqualification on February 18, 2020.  *Id.* ¶ 9.

As Section 2023(a)(13) provides, plaintiffs had 30 days from the date of service or delivery of the FAD to file a complaint in the district court for judicial review.  7 U.S.C. § 2023(a)(13).  Plaintiffs forthrightly acknowledge that they missed the deadline and filed the complaint in this Court more than 30 days after receiving the FAD.  Dkt. No. 1 ¶ 10.  The government says, without opposition, that plaintiffs were 36 days late.  Dkt. No. 18 at 5.  Plaintiffs ask that the late filing be excused in light of the "extraordinary circumstances" caused by the COVID-19 pandemic and "stay-at-home orders," which impeded their ability to find and retain an attorney to prepare the lawsuit.  Dkt. No. 1 ¶ 10; *see also* Dkt. No. 7-2 ¶¶ 7-14 (Joseph Decl.).

The government contends that the case must be dismissed under Rule 12(b)(1) because Section 2023(a)(13) waived the sovereign immunity of the United States for only 30 days, after which the jurisdictional window slammed shut forevermore.  Dkt. No. 18 at 4-5; *see also Dep't of Treas.-I.R.S. v. Fed. Lab. Relations Auth.*, 521 F.3d 1148, 1152 (9th Cir. 2008) (sovereign immunity goes to jurisdiction).  Plaintiffs argue that the statutory deadline is not jurisdictional and may be tolled or extended by the Court.  Dkt. No. 27 at 5-7; *see also* Dkt. No. 7 (motion for equitable tolling).  The Court has detailed in other orders the standards governing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  *See, e.g.*, *Friends of Del Norte v. California Dep't of Transportation*, No. 3:18-CV-00129-JD, 2020 WL 1812175, at *1 (N.D. Cal. Apr. 9, 2020).  The Court applies those standards here, and the parties' familiarity with them is assumed.

Plaintiffs' point is well taken.  The 30-day deadline in Section 2023(a)(13) does not automatically bar plaintiffs' lawsuit, as the government would have it.  To be sure, some prior

1   cases treated the deadline as a jurisdictional limitation on the waiver of sovereign immunity.  *See,*

2   *e.g.*, *Shoulders v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 878 F.2d 141, 143 (4th Cir. 1989);

3   *Omari v. United States*, No. C-12-1592 MEJ, 2012 WL 3939362, at *4 (N.D. Cal. Sept. 10, 2012).

4   But the Supreme Court has since re-affirmed the "'general rule' that equitable tolling is available

5   in suits against the Government." *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015)

6   (quoting *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 95 (1990)).  Congress is perfectly free to

7   depart from that rule and make a filing deadline jurisdictional, but must affirmatively

8   communicate that intention.  *Id*. at 409-10.  Otherwise, a statutory time bar is presumed to be non-

9   jurisdictional, and filing deadlines are simply "'quintessential claim-processing rules' which 'seek

10  to promote the orderly progress of litigation,' but do not deprive a court of authority to hear a

11  case." *Id*. at 410 (quoting *Henderson v. Shinseki,* 562 U.S. 428, 435 (2011)); *see also Sebelius v.*

12  *Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153-54 (2013) (noting Court has "repeatedly held that

13  filing deadlines ordinarily are not jurisdictional," and that a rule is not jurisdictional absent a

14  "clear statement" from Congress) (internal citations omitted).  It "makes no difference that a time

15  bar conditions a waiver of sovereign immunity."  *Wong*, 575 U.S. at 420.

16          As these cases indicate, the government has to "clear a high bar" to show that Congress

17  intended the 30-day deadline in Section 2023(a)(13) to be a jurisdictional limitations period.  *Id*. at

18  410.  It has not succeeded.  Nothing in the plain language of the statute manifests a jurisdictional

19  intention.  To the contrary, Section 2023(a)(13) "'reads like an ordinary, run-of-the-mill statute of

20  limitations,' spelling out a litigant's filing obligations without restricting a court's authority."

21  *Wong*, 575 U.S. at 411 (quoting *Holland v. Florida*, 560 U.S. 631, 647 (2010)); *see also Sebelius*,

22  568 U.S. at 154 (statute saying litigants "may obtain a hearing" within 180 days of final

23  administrative determination "hardly reveals a design to preclude any regulatory extension").  Far

24  stronger language has been deemed to be non-jurisdictional, which further underscores that

25  Congress did not speak to jurisdiction simply by setting a filing deadline in Section 2023(a)(13).

26  *See, e.g., Wong*, 575 U.S. at 405 (filing deadline in Federal Tort Claims Act stating "shall be

27  forever barred" not jurisdictional); *Henderson*, 562 U.S. 428, 438 (2011) (same re "shall file a

28  notice of appeal").  The government has not established that Congress meant Section 2023(a)(13)

1    to be "the rare statute of limitations that can deprive a court of jurisdiction."  *Wong*, 575 U.S. at

2    410.

3         The next question is whether Section 2023(a)(13) manifests a "clear intent to preclude

4    tolling," or "leaves room" for flexibility.  *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714

5    (2019); *see also Young v. United States*, 535 U.S. 43, 49 (2002) (statutory deadline is subject to

6    equitable tolling unless inconsistent with text).  Non-jurisdictional limitations periods are

7    "normally subject to a 'rebuttable presumption' in *favor* 'of equitable tolling,'" *Holland v. Fla.*,

8    560 U.S. 631, 645-46 (2010) (emphasis in original) (quoting *Irwin v. Dep't of Veterans Affairs*,

9    498 U.S. 89, 95-96 (1990)), and the "simple fact that a deadline is phrased in an unqualified

10   manner does not necessarily establish that tolling is unavailable," *Nutraceutical*, 139 S. Ct. at 715.

11        Nothing in Section 2023(a) precludes tolling.  The plain language certainly does not say

12   that.  *See Holland*, 560 U.S. at 647 (lack of "unusually emphatic" language suggests equitable

13   tolling is available).  In addition,  the 30-day period for seeking judicial review is "not particularly

14   long," and is not part of a detailed scheme providing different deadlines for bringing different

15   kinds of claims, which are among other factors the Supreme Court has considered in determining

16   whether a statutory deadline may be equitably tolled.  *Id.* at 646-47.

17        The absence of clear language barring tolling distinguishes this case from *Nutraceutical*,

18   which the government relies on.  *Nutraceutical* held that the deadline to seek an appeal of a class

19   certification order under Federal Rule of Civil Procedure 23(f) cannot be equitably tolled because

20   the procedural rule allowing extensions for other deadlines expressly states that a court "may not

21   extend" Rule 23(f)'s deadline.  139 S. Ct. at 715 (quoting Fed. R. App. P. 26(b)).  No similar text

22   is present here.  Congress did not "single out" Section 2023(a)(13)'s thirty-day deadline for

23   "inflexible treatment," or show a "clear intent to compel rigorous enforcement."  *Id.* at 715.

24        The final question is whether plaintiffs' late filing should be excused.  To be entitled to

25   equitable tolling, plaintiffs must show (1) that some extraordinary circumstance outside of their

26   control prevented timely filing, and (2) that they were reasonably diligent in pursuing their rights.

27   *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Although the

28   Ninth Circuit has described the "threshold necessary to trigger equitable tolling" as "very high"

United States District Court
Northern District of California

4

*Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citation and quotations omitted), the Supreme Court has concluded that only "reasonable diligence" is required, not "maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and quotations omitted); *see also Wong*, 575 U.S. at 407-08.

Plaintiffs are entitled to tolling. It should go without saying that the current public health crisis and resulting restrictions on civil and personal life are extraordinary circumstances by any measure. That was all the more true in the early part of 2020 when the pandemic initially struck, and when plaintiffs' time to file a lawsuit was running. The record indicates, without meaningful dispute by the government, that plaintiff Joseph exercised reasonable diligence in looking to hire a lawyer, and the delay in filing the complaint was of minimal duration. *See* Dkt. No. 7-2 ¶¶ 7-12. These circumstances warrant tolling of the Section 2023(a)(13) deadline.

## CONCLUSION

The motion to dismiss for lack of subject matter jurisdiction, Dkt. No. 18, is denied. Plaintiffs' motion for equitable tolling and to excuse the late filing of the complaint, Dkt. No. 7, is granted. The Court will enter a scheduling order.

**IT IS SO ORDERED.**

Dated:  December 7, 2020

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California